## Case No. 8,488.

### LONGSTRETH v. PENNOCK et al.

[30 Leg. Int. 29;[1] 7 N. B. R. 449; 9 Phila. 394; 20 Pittsb. Leg. J. 107.]

Circuit Court, E. D. Pennsylvania. Oct. 9, 1872.[2]

BANKRUPTCY—RENT DUE—PAYMENT BY ASSIGNEE.

Rent for store occupied by bankrupt, and subsequently by his assignee, and where there were sufficient goods to satisfy rent on distress, should be paid in full by assignee up to the time of the surrender of the property.

[Cited in Bailey v. Loeb, Case No. 739.]

On the 19th of December, 1867, the bankrupts [Osbourn Watson and Joseph B. De Young, trading as Watson & De Young] rented from Abraham L. Pennock and others, for the term of one year from January 1, 1868, the front store and other portions of premises No. 533 Market street, at an annual rental of five thousand dollars, payable quarterly, and entered upon possession under the lease. Subsequently, another portion of the basement was let to Watson & De Young, by a verbal agreement and the rent for the whole, for the year commencing January 1, 1870, was reduced to four thousand five hundred dollars per annum, the tenants continuing their occupancy of the premises without any new or other written agreement. The accruing rent was paid in full to July 1, 1870. On the 25th of January, 1871, Watson & De Young, who still continued their

---

1 [Reprinted from 30 Leg. Int. 29, by permission.]
2 [Affirmed in 20 Wall. (87 U. S.) 575.]

occupancy of said premises as tenants, were adjudicated bankrupts by the United States district court of this district, on creditors' petition, filed January 20, 1871, and an assignment of all their estate under the bankrupt law, was duly made on the 28th day of March, 1871. The goods of the bankrupts (which were at all times sufficient, if distrained on, to have satisfied the rent in arrear,) remained on the premises, and the same were occupied by the assignee until he had sold all the goods, which brought an amount largely exceeding the rent claimed to be in arrear, and until May 24, 1871, when the premises were surrendered to the defendants [George Pennock and David Sellers] in this action. They claimed from the assignee, rent of said premises, at the rate of four thousand five hundred dollars per annum, from July 1, 1870, to May 24, 1871. Allowing certain credits, this amount was paid to the defendants by the assignee, he taking a receipt from them in which they agreed, that in case this payment should be disallowed in whole or in part, to refund so much as would be necessary to indemnify the assignee. On the 26th of October, 1871, the assignee wrote the defendants the following letter: "Gentlemen: Under a recent decision of the circuit court of the United States for the Western district of this circuit,—In re Butler [Case No. 2,236],—to which my attention has been called by James Parsons, Esq., register in bankruptcy, it becomes my duty, as assignee in bankruptcy of Watson & De Young, to demand from you the return under your refunding receipt of June 13, 1871, of all the rent received by you on that date from Charles Vezin, former assignee of Watson & De Young, bankrupts, that accrued up to the time of his appointment as assignee. Will you favor me by a prompt response to this demand, and oblige, yours truly, J. Cooke Longstreth, Assignee." The defendants having refused to comply with this demand, this action was brought.

Mr. Longstreth, for plaintiff, cited the above case of In re Butler.

Before STRONG, Circuit Justice, and McKENNAN, Circuit Judge.

McKENNAN, Circuit Judge. I am reported as having concurred in that decision. I did so; but I said that I did not adopt the reasons for it stated in the report.

Mr. Townsend, for defendant, cited In re Appold [Case No. 499].

October 9th, 1872, it is ordered by the court that judgment be entered for defendants against the plaintiff on the case stated.

[NOTE. This case was affirmed by the supreme court in error. Mr. Justice Swayne, who delivered the opinion of the court, said, in speaking of the Pennsylvania statute (June 16, 1836), which gives, in case of property seized under execution, one year's rent to the landlord: "This case is within the equity of that statute. The question presented is one belonging to the local law of Pennsylvania. We think it was correctly decided by the circuit court." 20 Wall. (87 U. S.) 575.]

---

LONGWORTH (RAYMOND v.). See Case No. 11,595.

